Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
LUCAS CARRILLO EDILSON, HECTOR SAGASTUME CORNEL and ISMAR R. RAMIREZ, individually and on behalf of all others similarly situated,

         Plaintiffs,

 -against-

WITH PRIDE AIR CONDITIONING & HEATING INC. and MICHAEL DOLAN, as an individual,

         Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

  Plaintiffs, **LUCAS CARRILLO EDILSON, HECTOR SAGASTUME CORNEL and ISMAR R. RAMIREZ**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1.  Plaintiffs, through undersigned counsel, bring this action against **WITH PRIDE AIR CONDITIONING & HEATING INC. and MICHAEL DOLAN, as an individual,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at **WITH PRIDE AIR CONDITIONING & HEATING INC.**, located at 77 Marine Street, Farmingdale, New York, 11735.

2.  As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek

1

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
### *The Plaintiffs*

7. Plaintiff **LUCAS CARRILLO EDILSON** residing in Far Rockaway, New York, was employed by Defendants as an air conditioning installer at **WITH PRIDE AIR CONDITIONING & HEATING INC.** from in or around June 2019 until in or around April 2025.

8. Plaintiff **HECTOR SAGASTUME CORNEL** residing in Lawrence, New York, was employed by Defendants as an air conditioning installer at **WITH PRIDE AIR CONDITIONING & HEATING INC.** from in or around August 2018 until in or around January 2023.

9. Plaintiff **ISMAR R RAMIREZ** residing in Far Rockaway, New York, was employed by Defendants as an air conditioning installer at **WITH PRIDE AIR CONDITIONING & HEATING INC.** from in or around March 2014 until in or around March 2025.

## *The Corporate Defendant*
## **WITH PRIDE AIR CONDITIONING & HEATING INC.**

10. Defendant WITH PRIDE AIR CONDITIONING & HEATING INC. is a domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 430 Mount Misery Road, Melville, New York, 11747.

11. Defendant WITH PRIDE AIR CONDITIONING & HEATING INC. is registered in the New York Department of State, Division of Corporation with service of process address at 77 Marine Street, Farmingdale, New York, 11735.

12. At all relevant times hereto, Defendant WITH PRIDE AIR CONDITIONING & HEATING INC. through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over its employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

13. Accordingly, at all relevant times hereto, Defendant WITH PRIDE AIR CONDITIONING & HEATING INC. was Plaintiffs' employer within the meaning and the intent of the FLSA and the NYLL.

14. At all times relevant to the allegations contained in the complaint, Corporate Defendant was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that WITH PRIDE AIR CONDITIONING & HEATING INC., (i) has purchased and supplied goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods, equipment and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

### *Individual Defendant*
### MICHAEL DOLAN

15. At all relevant times hereto, Defendant MICHAEL DOLAN owns, manages and operates WITH PRIDE AIR CONDITIONING & HEATING INC.

16. Defendant MICHAEL DOLAN is an agent of WITH PRIDE AIR CONDITIONING & HEATING INC.

17. At all relevant times hereto, Defendant MICHAEL DOLAN is responsible for overseeing the daily operations of WITH PRIDE AIR CONDITIONING & HEATING INC.

18. At all relevant times hereto, Defendant MICHAEL DOLAN has power and authority over all the final personnel decisions at WITH PRIDE AIR CONDITIONING & HEATING INC.

19. At all relevant times hereto, Defendant MICHAEL DOLAN has power and authority over all final payroll decisions of WITH PRIDE AIR CONDITIONING & HEATING INC., including the Plaintiffs.

20. At all relevant times hereto, Defendant MICHAEL DOLAN has the exclusive final power to hire the employees of WITH PRIDE AIR CONDITIONING & HEATING INC., including the Plaintiffs.

21. At all relevant times hereto, Defendant MICHAEL DOLAN has exclusive final power over the firing and terminating of the employees of WITH PRIDE AIR CONDITIONING & HEATING INC., including the Plaintiffs.

22. At all relevant times hereto, Defendant MICHAEL DOLAN was responsible for determining, establishing, and paying the wages of all employees of WITH PRIDE AIR CONDITIONING & HEATING INC., including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

23. MICHAEL DOLAN was personally responsible for Plaintiffs' termination.

24. Accordingly, at all relevant times hereto, Defendant MICHAEL DOLAN was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

## RELEVANT STATUTORY PERIOD

25. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in February 2026, the relevant statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning February 2020 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS
## LUCAS CARRILLO EDILSON

26. Plaintiff LUCAS CARRILLO EDILSON was employed by Defendants as an air conditioning installer and laborer, while performing related miscellaneous duties for the Defendants, from in or around June 2019 until in or around April 2025.

27. During the relevant statutory period, Plaintiff LUCAS CARRILLO EDILSON regularly worked approximately between five (5) to six (6) days per week from in or around February 2020 until in or around April 2025.

28. During the relevant statutory period, Plaintiff LUCAS CARRILLO EDILSON regularly worked approximately ten (10) hours per day in or around 2020 until in or around 2023; approximately sixteen (16) hours per day in 2024, and approximately nine (9) hours per day in or around 2025.

29. Thus, during the relevant statutory period, Plaintiff was regularly required to work approximately between fifty (50) to sixty (60) hours per week from in or around 2020 until in or around 2023; approximately eighty (80) to ninety-six (96) hours in or around 2024; and approximately between forty-five (45) to fifty-four (54) hours per week in or around 2025.

30. Plaintiff LUCAS CARRILLO EDILSON was paid by Defendants an hourly rate of approximately $19.00 per hour in or around 2020; an hourly rate of approximately $20.00 per hour from in or around 2021 until in or around 2022; an hourly rate of approximately $24.00 per hour in or around 2023; an hourly rate of approximately $27.00 per hour in or around 2024; and an hourly rate of approximately $25.00 per hour in or around 2025.

31. Although Plaintiff worked approximately between fifty (50) and sixty (60) hours per week in or around 2020 until in or around 2023; approximately eighty (80) to ninety-six (96) hours in or around 2024; and approximately between forty-five (45) to fifty-four (54) hours per week in or around 2025, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

32. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

33. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

34. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

35. Moreover, upon information and belief, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

36. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

37. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## HECTOR SAGASTUME CORNEL

38. Plaintiff HECTOR SAGASTUME CORNEL was employed by Defendants as an air conditioning installer and laborer, while performing related miscellaneous duties for the Defendants, from in or around August 2018 until in or around January 2023.

39. During the relevant statutory period, Plaintiff HECTOR SAGASTUME CORNEL regularly worked approximately between five (5) to six (6) days per week.

40. During the relevant statutory period, Plaintiff worked approximately eight-and-a-half (8.5) hours two (2) to three (3) days per week and approximately eleven (11) hours three (3) days per week.

41. Thus, during the relevant statutory period, Plaintiff was regularly required to work approximately between fifty (50) to fifty-eight-and-a-half (58.5) hours per week.

42. Plaintiff HECTOR SAGASTUME CORNEL was paid by Defendants an hourly rate of approximately $28.00 per hour from in or around February 2020 until in or around December 2022; and an hourly rate of approximately $30.00 per hour in or around January 2023.

43. Although Plaintiff worked approximately between fifty (50) to fifty-eight-and-a-half (58.5) hours per week, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

44. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

45. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

46. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

47. Moreover, upon information and belief, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

48. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

49. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## ISMAR R RAMIREZ

50. Plaintiff ISMAR R RAMIREZ was employed by Defendants as an air conditioning installer and laborer, while performing related miscellaneous duties for the Defendants, from in or around March 2014 until in or around March 2025.

51. During the relevant statutory period, Plaintiff ISMAR R RAMIREZ regularly worked approximately between five (5) to six (6) days per week.

52. During the relevant statutory period, Plaintiff ISMAR R RAMIREZ regularly worked approximately eight-and-a-half (8.5) hours per day.

53. Thus, during the relevant statutory period, Plaintiff was regularly required to work approximately between forty-two-and-a-half (42.5) to fifty-one (51) hours per week.

54. Plaintiff ISMAR R RAMIREZ was paid by Defendants an hourly rate of approximately $22.00 per hour for all hours worked from in or around 2020 until in or around 2021; a regular hourly rate of approximately $25.00 per hour worked in or around 2022; a regular hourly rate of approximately $27.00 per hour in or around 2023; and a regular hourly rate of approximately $29.00 per hour from in or around 2024 until in or around 2025.

55. Although Plaintiff worked approximately between forty-two-and-a-half (42.5) to fifty-one (51) hours per week, Defendants did not pay Plaintiff time and a half (1.5) for hours

Case 2:26-cv-01032-JMW    Document 1    Filed 02/23/26    Page 9 of 14 PageID #: 9

> worked over forty (40) from in or around February 2020 until in or around December 2021, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

56. Upon information and belief, Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

57. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

58. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

59. Moreover, upon information and belief, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

60. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

61. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

63. Collective Class: All persons who are or have been employed by the Defendants as the air conditioning installers and laborers, or who were performing the same sort of

9

functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

64. Upon information and belief, Defendants employed approximately 15 or more employees within the relevant time period who were subjected to similar payment structures.

65. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

66. Defendants' unlawful conduct has been widespread, repeated, and consistent.

67. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

68. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

69. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

70. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

71. The claims of Plaintiffs are typical of the claims of the putative class.

72. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

73. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

74. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

75. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

76. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

77. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

78. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

79. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

80. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

81. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

82. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

83. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which

        Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

84. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

85. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

86. Defendants failed to provide Plaintiffs with a written notice, of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

87. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

88. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

89. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

90. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

    a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

    b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: February 23, 2026
      Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUCAS CARRILLO EDILSON, HECTOR SAGASTUME CORNEL and ISMAR R. RAMIREZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

WITH PRIDE AIR CONDITIONING & HEATING INC. and MICHAEL DOLAN, as an individual,

Defendants.

**COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To: *via Secretary of State:*

**WITH PRIDE AIR CONDITIONING & HEATING INC. (DOS ID: 4318284)**
77 MARINE STREET, FARMINGDALE, NY, 11735

*Via personal service:*
**WITH PRIDE AIR CONDITIONING & HEATING INC.**
430 MOUNT MISERY ROAD, MELVILLE, NY, UNITED STATES, 11747
77 MARINE STREET, FARMINGDALE, NY, 11735

**MICHAEL DOLAN**
77 MARINE STREET, FARMINGDALE, NY, 11735
90 VERDI ST., FARMINGDALE, NY, 11735