UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUCAS CARRILLO EDILSON,
HECTOR SAGASTUME CORNEL and
ISMAR R. RAMIREZ,
*individually and on behalf of all others similarly situated,*

                     *Plaintiffs,*


                 -against-



WITH PRIDE AIR CONDITIONING & HEATING INC.
and MICHAEL DOLAN,

                 *Defendants.*
------------------------------------------------------------------------X

**FILED**
**CLERK**

**5/19/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**



**MEMORANDUM**
**AND ORDER**

2:26-cv-01032 (NJC) (JMW)

**A P P E A R A N C E S:**

        James Patrick Peter O'Donnell
        Katelyn Marie Schillaci
        Roman M. Avshalumov
        **Helen F. Dalton & Associates**
        80-02 Kew Gardens Road, Suite 601
        Kew Gardens, NY 11415
        *Attorneys for Plaintiffs*

        Jamie Scott Felsen
        **Milman Labuda Law Group PLLC**
        3000 Marcus Avenue, Suite 3w8
        Lake Success, NY 11042
        *Attorney for Defendants*

**WICKS,** Magistrate Judge:

    Plaintiffs Lucas Carrillo Edilson, Hector Sagastume Cornel, and Ismar R. Ramirez bring

this action against their employer, Defendant With Pride Air Conditioning & Heating Inc., and

its owner, Defendant Michael Dolan, for allegedly failing to pay overtime wages as required by

the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") and for failing

to provide wage statements and notices as required by the NYLL. (*See generally* ECF No. 1.)

Presently before the Court is Defendants' letter motion to stay discovery. (ECF No. 20.) For the

reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

Plaintiffs filed the Complaint on February 23, 2026. (ECF No. 1.) On March 21, 2026,

Defendants filed a pre-motion letter signifying their intent to move to, *inter alia*, dismiss the

Complaint and compel arbitration. (ECF No. 16.) The Honorable Nusrat J. Choudhury entered a

briefing schedule, directing that the motions be bundle-filed by May 18, 2026. (Electronic Order

dated March 23, 2026.) The motions were subsequently referred to the undersigned for a Report

and Recommendation. (Electronic Order dated May 15, 2026.) An Initial Conference was held

on April 27, 2026, at which the Court issued a discovery schedule order. (Electronic Minute

Order dated April 27, 2026; ECF No. 19.) That same day, Defendants filed the present motion to

stay discovery pending resolution of the motions referenced above. (ECF No. 22.) On May 5,

2026, Plaintiffs filed their opposition brief arguing that discovery should proceed. (ECF No. 30.)

## THE LEGAL FRAMEWORK

"'[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the cases on its docket with economy of time and effort for itself, for

counsel, and for litigants.'" *L.N.K. International, Inc. v. Continental Casualty Company*, No. 22-

cv-05184 (GRB) (JMW), 2023 WL 2614211, at *1 (E.D.N.Y. Mar. 23, 2023) (quoting *Thomas

v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14,

2010)) (citation omitted). A stay of discovery is warranted only upon a showing of "good

cause[.]" *Alloway v. Bowlero Corp.*, No. 2:24-CV-04738 (SJB) (JMW), 2025 WL 1220185, at *1

(E.D.N.Y. Apr. 28, 2025) (citing *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018)).

Discovery should be stayed "only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive[.]" *Hachette Distribution, Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (Spatt, J.). The overarching goal is "to secure the just, speedy, and inexpensive determination of every action[.]'" *Id.* at 357 (quoting Fed. R. Civ. P. 1). To illustrate, suppose a case involves multiple defendants, but only some made dispositive motions. That would cut against granting a stay, because "discovery [would] proceed in the case whether or not the [dispositive] motion [were] granted." *Id.* at 359. Along the same lines, courts should aim to minimize redundancy. Sometimes staying discovery may "help prevent duplicative and inefficient litigation[,]" *Drop a Piano Prods., LLC v. Maraboyina*, No. 25 CIV. 8631 (JPC), 2026 WL 473268, at *1 (S.D.N.Y. Feb. 19, 2026), whereas other times it can have the opposite effect and "unnecessarily lead to duplicative document production and depositions[,]" *Hachette Distribution*, 136 F.R.D. at 359. *Au fond*, "[a] court determining whether to grant a stay of discovery pending a motion must look to the 'particular circumstances and posture of each case.'" *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (quoting *Hachette Distribution*, 136 F.R.D. at 358).

That said, the guidelines are well-established. In evaluating whether a stay of discovery is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Mossiah v. Mulligan Security LLC*, No. 25-CV-04561 (JAV), 2025 WL 3478844, at *1 (S.D.N.Y. Dec. 3, 2025)

(applying the "traditional three-factor test [for] evaluating motions to stay discovery" to a motion to stay pending motion to compel arbitration); *Oestreicher v. Equifax Information Servs., LLC*, 2023 WL 3819378, at *1 (E.D.N.Y. June 5, 2023) (applying the "three-factor test" to a motion to stay discovery pending a motion to compel arbitration).

"Courts differentiate between applications for a stay of discovery made in connection with motions to compel arbitration and motions to dismiss. That is, in cases where a stay is sought pending a motion to compel arbitration, the courts in this Circuit have stayed without even considering the three-factor test." *Alvarez v. Experian Info. Solutions, Inc.*, No. 2:19-CV-03343 (JS) (JMW), 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021). Indeed, "[a] stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it." *Id.*

Given the circumstances here, it is appropriate to grant Defendants' motion in part and deny it in part, for the reasons that follow.

## DISCUSSION

### I.    Whether Defendants Have Made a Strong Showing That Plaintiff's Claims are Unmeritorious[1]

When determining "whether claims are subject to arbitration, a court must consider (1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 128 (2d Cir. 2011); *Scott v. JPMorgan Chase & Co.,* 603 Fed. App'x. 33, 35 (2d Cir. 2015). The Court considers these elements in reverse order.

With respect to whether the dispute at issue comes within the scope of the arbitration agreement, the answer is clearly yes. In the Complaint, Plaintiffs assert four causes of action—

---

[1] In considering the present motion, the Court does not intend to prejudge the motion to compel arbitration.

one under the FLSA and three under the NYLL. (*See* ECF No. 1, ¶¶ 74–90.) The Arbitration

Agreement covers "claims arising under . . . the Fair Labor Standards Act . . . [and] New York

Labor Law[.]" (ECF No 24-1 at 2.) Accordingly, the claims in the Complaint fall squarely under

the Arbitration Agreement. *See Padmore v. SDH Servs. W., LLC*, No. 24-CV-6872 (AMD)

(TAM), 2025 WL 2783191, at *9 (E.D.N.Y. Sept. 30, 2025) ("'The Second Circuit and courts in

this District repeatedly have found FLSA claims to be arbitrable.'") (citation modified) (quoting

*Martinez v. GAB.K, LLC*, 741 F. Supp. 3d 26, 36 (S.D.N.Y. 2024)).

The more interesting question is whether the parties entered into a valid arbitration

agreement in the first place. There are three named plaintiffs in this action: Edilson, Cornel, and

Ramirez. Edilson and Ramirez signed the Arbitration Agreement. (ECF Nos. 24-1, 24-2.) Cornel,

however, might not have. Michael Dolan, the individual defendant in this action, submits an

affidavit saying that "Cornel was given the same arbitration agreement that Edilson and Ramirez

signed, but I am unable to locate his executed copy." (ECF No. 24, ¶ 9.) Given this lack of

evidence, Plaintiffs argue that "there was no essential meeting of the minds as to whether Mr.

Cornel agreed to arbitrate his claims." (ECF No. 25 at 10.)

The inquiry does not end with the absence of Cornel's signature, however. "Courts

applying New York law have consistently required that an agreement to arbitrate be in writing

but not necessarily be signed by the party to be bound." *Ugboaja v. Perry Ave. Fam. Med., Inc.*,

No. 25 CIV. 78 (PAE) (OTW), 2026 WL 836190, at *6 (S.D.N.Y. Mar. 26, 2026) (citation

modified; internal citation omitted). Plaintiffs do not shy away from this settled legal principle—

they concede "Defendants are correct that an employee can manifest assent to an arbitration

agreement by continuing to work after being made aware of the agreement, without actually

signing[.]" (ECF No. 25 at 10.) They submit, however, that in this case there is "no evidence,

other than self-serving affidavits," that Cornel was made aware of the Arbitration Agreement to begin with. (*Id.*) This argument—that "self-serving affidavits" do not count as "evidence"—is wrong as a matter of law. Indeed, the very case they rely upon emphasizes that "[i]n reviewing motions to compel arbitration, just as for motions for summary judgment, a court must consider *all* relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with *affidavits*." *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 50 (2d Cir. 2022) (emphasis in original; internal citation omitted). This is true even where the affidavits are supposedly "self-serving." *Id.* at 51. Accordingly, because Defendants declare under penalty of perjury that Cornel was presented with the Arbitration Agreement and continued to work thereafter, Defendants are likely to prevail on their argument that all three Plaintiffs are bound by the Arbitration Agreement.

In the alternative, Plaintiffs argue that even if they manifested assent to the Arbitration Agreement, the agreement is invalid because it is unconscionable. (ECF No. 25 at 2–9.) Plaintiffs concede that unconscionability "ordinarily" requires a showing of *both* procedural *and* substantive unconscionability (*id.* at 2), but they do not even attempt to argue that this Arbitration Agreement was unconscionable procedurally. Instead, Plaintiffs hang their hat entirely on substantive unconscionability, arguing that this is one of those "exceptional cases where a provision of the contract is so outrageous as to warrant holding it unenforceable on the ground of substantive unconscionability alone." (*Id.* (quoting *Gillman v. Chase Manhattan Bank, N.A.*, 534 N.E.2d 824 (N.Y. 1988).) What makes this agreement is so "outrageous," in Plaintiffs' assessment, is that it purports to shorten the applicable statutes of limitations and to negate the applicable fee-shifting provisions. (*Id.* at 4–9.) The Court need not evaluate these arguments at this juncture, however, because Plaintiffs have not explained how these two "unconscionable"

provisions would render the *entire* Arbitration Agreement void. In *Castellanos v. Raymours Furniture Co., Inc.*, relied on by Plaintiffs, the court did not find the arbitration agreement unenforceable due to the illicit limitations provision; instead, the court simply severed that provision. 291 F. Supp. 3d 294, 301 (E.D.N.Y. 2018) (compelling arbitration). The same is true of the Arbitration Agreement's purported alteration to the FLSA and NYLL's cost-sharing provisions—even if unenforceable, it is severable. *Crespo v. Kapnisis*, No. 21-CV-6963 (BMC), 2022 WL 2916033, at *6 (E.D.N.Y. July 25, 2022) (compelling arbitration).

Because "Defendant[s] appear[] to have a good faith basis for moving to compel arbitration . . . , the first factor weighs in favor of" staying discovery. *Alvarez*, 2021 WL 2349370, at *2.[2] The above analysis, however, is only cursory and preliminary and is by no means meant to pre-judge the underlying motion to compel arbitration. The analysis is done here solely to determine whether a stay is appropriate.

## II.    Breadth of Discovery and the Corresponding Burdens

The second factor—breadth and corresponding burdens of discovery—weighs strongly *against* granting a stay. "[A] party seeking a stay must proffer specific reasons why discovery is likely to be unusually complex." *Combs v. Burgess*, No. 25 CIV. 650 (JPC), 2026 WL 205571, at *2 (S.D.N.Y. Jan. 27, 2026). Courts assessing this factor "look to whether discovery would reach such a wide breadth that good cause for a stay exists," which includes the "number of defendants and claims." *Choudhury v. NYC Health & Hosps. Corp.*, No. 25-CV-5240 (PAE), 2025 WL 2977837, at *4 (S.D.N.Y. Oct. 22, 2025) (citations omitted) (collecting cases).

---

[2] While Defendants also move to dismiss, this does not alter the analysis for purposes of staying discovery. *See, e.g.*, *Drop a Piano Prods., LLC v. Maraboyina*, No. 25 CIV. 8631 (JPC), 2026 WL 473268, at *1 (S.D.N.Y. Feb. 19, 2026) (assessing only the motion to compel arbitration even though defendants moved for both arbitration and dismissal).

Here, there are only four claims, all of which have similar allegations stemming from Defendants' alleged violations of wage-and-hour requirements. *See Guiffre v. Maxwell*, No. 15-CV-7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) ("Discovery in this case is accordingly tailored to that single claim and the associated events. It does not reach such a wide-breadth that good cause for a stay exists."). As Plaintiffs correctly note:

> The FLSA Initial [D]iscovery [O]rder only requires Defendants to informally produce time and payroll records, any records regarding individual liability, and any financial documents demonstrating financial hardship only if applicable. . . . [It] does not require either party to take any depositions nor does it permit either party to take depositions at this early stage. As such, the FLSA [I]nitial [D]iscovery [O]rder will not cause any significant burden on Defendants.

(ECF No. 30 (citing ECF No. 19).)

Further, even if Defendants' motions to compel arbitration are granted, that would not end the case—it simply moves the case to another forum to resolve the dispute. (*See* ECF No. 23 at 8 ("Notably, enforcing the arbitration agreements . . . does not waive any of Plaintiffs' rights; it simply carries forth the parties' agreement to have the disputes resolved in another forum."); *id.* at 10 (seeking full dismissal as to Plaintiff Cornel and dismissal of NYLL claims as to all Plaintiffs, but not seeking dismissal of Plaintiffs Edilson's and Ramirez's FLSA claims).) This situation is thus very different from cases where courts stayed discovery to "avoid substantial burden and waste of precious resources." *Cohen v. Saraya USA, Inc.*, No. 23-CV-08079 (NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024); *see, e.g.*, *Romain v. Webster Bank N.A.*, No. 23-cv-5956 (NRM) (JMW), 2024 WL 3303057, at *5 (E.D.N.Y. July 2, 2024) ("[D]iscovery should be stayed given that all discovery would be for naught if the Complaint is dismissed in its entirety by Judge Morrison as requested"); *see also Fiordirosa v. Publr. Clearing House, Inc.*, No. 21-CV-6682 (PKC) (JMW), 2022 WL 3912991, at *3 (E.D.N.Y. Aug. 31, 2022) (granting defendant's motion to stay where, among other factors, a ruling on the

motion to dismiss could "dismiss the Amended Complaint entirely"). Accordingly, this factor favors Plaintiffs.

### III.    Risk of Unfair Prejudice

This case is in its nascent stage, commenced less than three months ago on February 23, 2026. Pursuant to the Court-ordered Initial Discovery Order, the parties are to conduct their first exchange of basic discovery materials on May 27, 2026—still more than a week away. (ECF No. 19 at 1.) "Minimal"—if any—"discovery has occurred," so staying discovery should not prejudice Plaintiffs. *Spira v. TransUnion, LLC*, No. 7:23-CV-04319-NSR, 2023 WL 5664215, at *2 (S.D.N.Y. Sept. 1, 2023) (staying discovery); *see also, e.g.*, *Armstrong v. Hempstead Union Free School District*, No. 25-cv-03611 (RPK) (JMW), 2025 WL 3440499, at *6 (E.D.N.Y. Dec. 1, 2025) (granting a stay where "no discovery ha[d] taken place" considering the deadline for initial disclosures had not expired).

Plaintiffs vaguely assert that a stay would prejudice them because they "have an interest in expeditiously pursuing this matter" and staying discovery "would delay the resolution of the case and frustrate Plaintiffs' ability to obtain evidence essential to the defense in this matter, namely time and payroll records." (ECF No. 30 at 3.) But "[m]ere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA) (JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021); *see also Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting a stay absent prejudice due to early stages of litigation). Plaintiffs have failed to show unfair prejudice, because they "do not identify any documents, witnesses, or other sources of information that might become unavailable during a stay." *Dougherty v. Zynga Inc.*, No. 26 CIV. 2772 (PAE), 2026 WL 1218876, at *2 (S.D.N.Y. May 4, 2026) (staying discovery).

Moreover, considering the motion to compel arbitration is already fully briefed, a stay of discovery pending that decision will likely not be for long. *See Dome Technology, LL Cv. Golden Sands General Contractors, Inc.*, 2017 WL 11577923, at *2 (D. Conn. July 24, 2017) (granting motion to stay pending motion to compel arbitration where a decision on the motion to compel would be "quickly resolve[d]"). Accordingly, this factor tilts toward Defendants.

## **CONCLUSION**

Accordingly, Defendants' motion to stay (ECF No. 20) is **GRANTED IN PART AND DENIED IN PART**. The parties shall move forward with initial disclosures and so-called "paper" discovery, such as interrogatories and document demands. The parties shall not, however, take any depositions until further order of the Court.

In the event the pending motion to dismiss is denied, the parties are directed to meet and confer and file a joint proposed schedule for discovery within 10 days of the ruling on that motion.

Dated: Central Islip, New York
      May 19, 2026

                        **S O   O R D E R E D:**

                        /S/ *James M. Wicks*

                          JAMES M. WICKS
                    United States Magistrate Judge